THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 McGonigal's Flamingo, Inc., Plaintiff, 
 
 
 
 
 

v.

 
 
 
 RJG Construction Company, Formerly Known as R.J. Griffin &
 Company, Formerly known as Sebrell/Griffin & Company, Defendants. 
 
 RJG Construction Company, Formerly known as R.J. Griffin &
 Company, Formerly known as Sebrell/Griffin & Company, Third-Party
 Plaintiff, 
 
 
 
 

     v.

 
 
 
 Pegram Associates, Inc., Bonsal American, Inc., B&R Painting
 Contractors, Inc., Carnell Construction, Inc., Carolina Dee, Cayce
 Mechanical, Coastal Glass Company, Inc., Ely Wall & Ceilings Corporation,
 Tim Swanger Company, Spann Roofing and Sheet Metal, Inc., United Electric of
 Myrtle Beach, Inc., and Atlantic Coast Fire Protection, Third-Party
 Defendants
 
 Costal Glass Company, Inc., Third-Party Plaintiff,
 
 
 
 
 

v.

 
 
 
 Acorn Window Systems, Inc., and YKK AP America, Inc.,
 Third-Party Defendants.
 
 
 of whom RJG Construction Company, Formerly Known as R.J. Griffin
 & Company, Formerly known as Sebrell/Griffin & Company is the Respondent,
 
 
 
 

and

 
 
 
 
 Coastal Glass Company, Inc. is the Appellant.
 
 
 
 
 

Appeal From Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2011-UP-260  
 Heard January 11, 2011  Filed June 7,
2011

AFFIRMED IN PART, REVERSED
 IN PART

 
 
 
 Jonathan
 J. Anderson, Eric M. Johnsen, all of Charleston, for Appellant.
 H.
 Brewton Hagood, James A. Bruorton, IV, R. Britton Kelly, all of Charleston, for
 Respondent.
 
 
 

PER
 CURIAM: This
 appeal stems from a construction defect suit filed by McGonigal's Flamingo,
 Inc. (McGonigal), against RJG Construction Co., (RJG) for construction of the
 Ocean Sands II (the hotel) in North Myrtle Beach, South Carolina.  RJG filed a
 third-party action against several subcontractors, which included Coastal Glass
 Company (Coastal).  RJG and many of the subcontractors settled with McGonigal;
 however, Coastal did not.  RJG filed a contribution claim against Coastal and
 filed a motion for summary judgment on the basis that Coastal's work was one
 of the proximate causes of the water intrusion in the hotel.  The circuit court
 concluded Coastal was a joint tortfeasor under the South Carolina Contribution
 Among Tortfeasors Act (the Act) and awarded RJG $211,700 plus $8,170.75 in
 pre-judgment interest.  
On
 appeal, Coastal argues the circuit court erred in (1) granting summary judgment
 in favor of RJG's contribution claim because genuine issues of material fact
 exist as to whether Coastal's work contributed to the water intrusion damage of
 the hotel; (2) determining the number of tortfeasors for purposes of
 calculating the pro rata share of liability; (3) determining the common
 liability amounted to $1,058,500 and concluding Coastal's pro rata share of that
 liability amounted to $211,700; and (4) awarding RJG $8,170.75 in pre-judgment
 interest.  We affirm in part and reverse in part.
1. Coastal
 argues genuine issues of material fact exist as to whether its work contributed
 to the water intrusion of the hotel because a jury could find the water
 intrusion resulted from alternative sources such as: (1) McGonigal's failure to
 properly maintain sealants; (2) the architect's failure to include flashing on
 the architectural plans; and (3) hotel guests sitting on the Packaged Terminal
 Air Conditioner (PTAC) units, resulting in the failure of the units' sealants.  
In
 concluding Coastal was a joint tortfeasor, the circuit court noted the testimony of
 Mike Adams, Coastal's Rule 30(b)(6), SCRCP witness, and Coastal's expert
 witness, George Barbour.  During the deposition, Adams was asked, "So to
 the extent those fasteners [window fasteners that attached the window sill to
 the concrete slab] provided an avenue for water intrusion into the building [,]
 that would be attributed to Coastal Glass' scope of work?"  In response,
 Adams stated, "Yes."  Moreover, Barbour admitted in his deposition
 that Coastal's work was a source of water intrusion in the hotel.  Based on the
 testimony of Adams and Barbour, we affirm the circuit court's grant of summary judgment
 in favor of RJG on the basis that Coastal was a joint tortfeasor.  See Rule 56(c), SCRCP (stating summary judgment is appropriate when
 there is no genuine issue of material fact such that the moving party must
 prevail as a matter of law).
2.
 Coastal asserts the circuit court erred in determining the total number of
 tortfeasors when it calculated the pro rata share of Coastal's liability. 
 Specifically, Coastal asserts Pegram Associates, Inc. (Pegram), the architect
 of the hotel, is a tortfeasor for purposes of calculating the pro rata share of
 liability because the architectural plans did not require flashing at the heads
 and sills of the windows and sliding glass doors.  As a result, Coastal
 contends Pegram's failure to include flashing in the architectural plans constitutes
 a design defect that resulted in water intrusion of the hotel.
The
 circuit court's order noted Pegram "did not manufacture or install any
 exterior component of the building and any issues related to deficiencies in
 the exterior waterproofing design of the Ocean Sands II was taken into
 consideration in the discounted settlement amount."  We agree that any
 design deficiencies relating to Pegram's failure to include flashing on the windows
 and sliding glass doors were taken into consideration in discounting the
 settlement amount.  Particularly, Paragraph 3 of the settlement agreement
 provides,

 [McGonigals']
 alleged damages in this case, including loss of use, were in excess of $2,800,000
 and [McGonigal] has significantly discounted its alleged damages taking into
 consideration design deficiency issues, owner material selection issues,
 and a variable business market to compromise on a reasonable settlement of
 $1,200,000.00.  (emphasis added).

Additionally,
 Coastal contends McGonigal should be considered a tortfeasor for purposes of
 determining the pro rata share of liability because McGonigal failed to
 properly maintain the sealant joints and perform routine maintenance of the
 hotel.  We conclude Coastal's argument is without merit because a plaintiff
 cannot be a tortfeasor for its own injuries.  See G&P Trucking v.
 Parks Auto Sales Serv. & Salvage, Inc., 357 S.C. 82, 90, 591 S.E.2d 42,
 46 (Ct. App. 2003) (stating an injured party cannot be a tortfeasor, let alone
 a joint tortfeasor, as to its own injury).
3.
 Coastal further contends the circuit court erred in interpreting common
 liability pursuant to the Act and argues common liability is the "amount
 representing the total damages caused by the negligence of all
 defendants."  Based on this definition, Coastal claims the total
 settlement agreement amount of $1,200,000 represents the common liability and
 that this amount should be divided by (1) the ten settling tortfeasors or (2)
 the ten settling tortfeasors plus Coastal.  In addition, Coastal argues the
 circuit court's calculation of Coastal's pro rata share of liability in the
 amount of $211,700 was improper.  We disagree.  
In
 determining common liability, the circuit court noted the settlement agreement
 allocated $1,058,500 to water intrusion damage of the hotel.  The circuit court
 then divided the common liability of $1,058,500 by the five tortfeasors who
 settled for water intrusion damage.  We conclude the circuit court did not err
 in finding the $1,058,500 represents the appropriate amount of common
 liability, and Coastal's pro rata share of the common liability amounted to
 $211,700.  The circuit court properly considered equitable principles in
 calculating the common liability in determining the pro rata share.[1]  See S.C. Code Ann. § 15-38-30 (2005) (stating in pertinent part, if
 equity requires, the collective liability of some as a group shall constitute a
 single share).
4.
 Finally, Coastal argues RJG is barred from recovering pre-judgment interest
 because South Carolina case law requires a party to plead pre-judgment
 interest.  The record reveals RJG failed to plead pre-judgment interest. 
 Therefore, the circuit court's award of pre-judgment interest constitutes
 reversible error.  See Tilley v. Pacesetter Corp., 355 S.C. 361,
 375-76, 585 S.E.2d 292, 299 (2003) (holding pre-judgment interest was not
 recoverable when the party claiming entitlement to pre-judgment interest did not
 plead pre-judgment interest).
Accordingly,
 the circuit court's decision is
AFFIRMED
 IN PART and REVERSED IN PART.
FEW,
 C.J., SHORT and WILLIAMS, JJ., concur.

[1] Coastal argues
 the allocation of damages of the building envelope is "not based upon any
 discernable factual basis when it is noted that within that group are the
 tub/shower enclosures, which do not make up a portion of the exterior envelope
 and those excluded from the group include those responsible for the roof, the
 exterior balconies and walkways, and the designer of the exterior envelope and
 its waterproofing, the architect."   However, Coastal did not dispute the
 reasonableness of the settlement agreement at the summary judgment hearing.