**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Waterfall Investment and Construction Group, LLC, Appellant,

v.

A&E Construction & Maintenance, LLC, Jeronimo Ponce d/b/a JP & Sons Builders, Creative Drafting and Designs, Defendants,

of which Jeronimo Ponce d/b/a JP & Sons Builders is the Respondent.

Appellate Case No. 2024-000772

———

Appeal From Horry County
William H. Seals, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-287
Heard June 4, 2025 – Filed August 6, 2025

———

**AFFIRMED IN PART AND REVERSED IN PART**

———

Kenneth Ray Moss, of Wright, Worley, Pope, Ekster & Moss, PLLC, of North Myrtle Beach, for Appellant.

Brandon Todd Reeser, of Wilson Heyward & Reeser, LLC, of Charleston, for Respondent.

———

**PER CURIAM:** In this construction defect case, Waterfall Investments and Construction Group, LLC (Waterfall), the general contractor, appeals the trial court's order granting summary judgment in favor of Jeronimo Ponce d/b/a JP & Sons Builders (Ponce), the framing contractor. We affirm the trial court's decision to grant summary judgment as to Waterfall's claims for contribution, breach of contract, breach of implied warranties, contractual indemnity, and negligence. We reverse the trial court's dismissal of Waterfall's claim against Ponce for equitable indemnification.

## BACKGROUND

In March of 2017, Waterfall entered into a contract to build a custom home for the Smith family and hired Ponce as the framing subcontractor. During the construction of the home, the Smiths complained about the quality of the construction and eventually withheld payment. Waterfall left the job on December 8, 2018, before a Certificate of Occupancy was issued, and filed a lawsuit against the Smiths for nonpayment. The Smiths then brought a third-party complaint against Waterfall's principals, David and Lynne Brown, alleging construction defects. On October 24, 2019, Waterfall filed a third-party complaint against its subcontractors, including Ponce, alleging causes of action for negligence, contribution, and equitable indemnification. The Smiths never brought any direct claims against any of the subcontractors.

On November 18, 2022, Waterfall, the Smiths, and several of the subcontractors settled their claims against one another in mediation. Ponce was not a party to the settlement, and the settlement agreement specifically excluded Ponce, stating:

> [a]ll Settling Parties . . . are hereby releasing the other Settling Parties . . . from all claims and damages arising from the State and Federal Litigation[,] yet specifically preserving any and all claims and potential claims that Waterfall, has or may have against Third-Party Defendants Jeronimo Ponce d/b/a JP & Sons Builders . . . Ponce . . . will **NOT** be a party to any release relevant to this Settlement Agreement. The Smiths, as part of this Settlement, assign any and all claims and potential claims they have or may have against Ponce to Waterfall as part of this settlement. No Party to this Settlement

>Agreement is releasing Ponce . . . from any liability or potential liability related to the State Litigation.

Waterfall filed an amended complaint against Ponce on August 21, 2023, to realign the parties and to bring additional causes of action against Ponce for breach of contract and breach of implied warranties. The trial court granted Ponce's motion for summary judgment and this appeal followed.

## STANDARD OF REVIEW

Appellate courts apply the same standard of review applied by the trial court to review the grant of summary judgment. *Knight v. Austin*, 396 S.C. 518, 521, 722 S.E.2d 802, 804 (2012). Summary judgment is proper when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law. Rule 56(c), SCRCP; *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023).

## DISCUSSION

I. Contribution

Waterfall argues the trial court incorrectly relied on South Carolina Code section 15-38-20(D) in granting summary judgment as to its contribution cause of action against Ponce, because the settlement agreement between the parties extinguished Ponce's liability for the framing defects "[as] to anyone in the world with the exception of Waterfall." We disagree.

Under the Uniform Contribution Among Tortfeasors Act, a release or covenant not to sue involving one tortfeasor "does not discharge any of the other tortfeasors from liability . . . unless its terms so provide." S.C. Code Ann. § 15-38-50(1) (2005). The settling tortfeasor is not entitled to contribution from another tortfeasor whose liability was not extinguished by the settlement. S.C. Code Ann. § 15-38-20(D) (2005). Further, section 15-38-40(D) of the Act states:

>If there is no judgment for the injury . . . against the tortfeasor seeking contribution, his right to contribution is barred unless he has either (1) discharged by payment the common liability within the statute of limitations period applicable to [the] claimant's right of action against him and has commenced his action for contribution within one

year after payment, or (2) agreed while [an] action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution.

S.C. Code Ann. § 15-38-40(D) (2005).

Our appellate courts have consistently held that there is no right of contribution where the plaintiff's earlier settlement did not explicitly release the defendant from liability. In *G & P Trucking v. Parks Auto Sales Service & Salvage, Inc.*, an employee of G & P Trucking struck a wire connected to a radio communication tower, causing the tower to fall. 357 S.C. 82, 85, 591 S.E.2d 42, 43 (Ct. App. 2003). G & P settled claims with four different entities, including Parks Auto, and then brought a contribution action against Parks Auto alleging that Parks's employees were negligent in failing to warn G & P about the wire. *Id*. G & P obtained releases from each of the settling parties, but none of those agreements released Parks Auto from liability. *Id*. This court reversed the trial court's order granting G & P contribution from Parks Auto, stating:

> None of these three claimants, then, agreed that the payments received from G & P relieved Parks Auto of liability in the underlying tort . . . . Given both the absence of a release as to Parks Auto and the unappealed finding by the trial court that none of the payments by G & P compensated any of the injured parties for their losses, we hold that, as a matter of law, G & P has failed to establish entitlement to contribution from Parks Auto under the South Carolina Uniform Contribution Among Tortfeasors Act.

*Id.* at 89, 591 S.E.2d at 45–46.

Our supreme court reached the same result in *Progressive Max Insurance Co. v. Floating Caps, Inc.*, 405 S.C. 35, 747 S.E.2d 178 (2013). An injured pedestrian sued the driver who hit him, alleging negligence. *Id.* at 39, 747 S.E.2d at 180. The pedestrian settled with the driver's insurer and the parties entered into a covenant not to execute. *Id.* at 40, 747 S.E.2d at 180. The covenant released the driver and his parents from further liability but expressly reserved all claims against any other persons or entities, stating, "[t]his Covenant is not a release, nor shall it be construed as a release of any party, person, firm or corporation." *Id.* at 40, 747 S.E.2d at

180–81.  The parties entered into the covenant five months after the statute of limitations had expired as to the pedestrian's tort claims against the driver.  *Id.*

After the case was dismissed, the parties entered into a second covenant not to execute against Silver Dollar, the establishment that had served alcohol to the driver.  *Id*. at 40–41, 747 S.E.2d at 181.  The covenant stated that the parties intended to pursue a contribution claim against the establishment, however, the second covenant did not contain any language that released the establishment from liability in the underlying tort matter.  *Id*. at 41, 747 S.E.2d at 181.  Thereafter, the driver's insurance company filed a contribution action against Silver Dollar.  *Id.*  Our supreme court affirmed the trial court's order granting summary judgment in favor of Silver Dollar and denying the insurer's claim for contribution, finding Silver Dollar's liability had not been extinguished by either of the covenants.  *Id*. at 47, 747 S.E.2d at 184.  In addition, because no payment was made discharging the common liability either before the expiration of the statute of limitations or while the action was still pending, there was no right to contribution under section 15-38-40(D)(1) or (D)(2).  *Id*. at 44, 747 S.E.2d at 183.

In this case, the settlement between the Smiths and Waterfall did not act to extinguish Ponce's liability as required by section 15-38-20(D).  In fact, the agreement specifically *preserves* all claims against Ponce and contains no language releasing Ponce from liability.  Like the Plaintiff in *Progressive Max*, Waterfall settled its claims with the Smiths after the statute of limitations had run on any claims the Smiths had against Ponce.  Under these circumstances, we find as a matter of law that Waterfall has not met either of the exceptions set forth in section 15-38-40(D), because it neither discharged the common liability nor settled the claim within the statute of limitations.  Waterfall is therefore barred from seeking contribution under the terms of the Act.

## II.  Negligence, Breach of Contract, Breach of Implied Warranties

Waterfall initially brought negligence, equitable indemnity, and contribution claims against Ponce on October 24, 2019.  Waterfall settled its claims with the Smiths on November 18, 2022.  In August of 2023, Waterfall moved to amend its pleadings to assert causes of action for breach of contract, contractual indemnity, and breach of implied warranties based on the assignment of rights by the Smiths.  The trial court granted summary judgment as to these causes of action, finding the three-year statute of limitations on any claims against Ponce for defective framing had expired prior to Waterfall amending its pleadings.   Waterfall argues that its amended complaint relates back to the original date of filing, pursuant to Rule 15(c) of the South Carolina

Rules of Civil Procedure, and the trial court therefore erred in finding those claims were barred by the statute of limitations. We disagree.

Rule 15(c) states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading." Rule 15(c), SCRCP. However, "relation back" only applies when an existing party is changed, not when a new party is added. *See Cline v. J.E. Faulkner Homes, Inc.*, 359 S.C. 367, 371 n.2, 597 S.E.2d 27, 29 n.2 (Ct. App. 2004); *Jackson v. Doe*, 342 S.C. 552, 558, 537 S.E.2d 567, 570 (Ct. App. 2000).

It is undisputed that at the time the parties entered into the settlement agreement and the Smiths assigned their rights to Waterfall, the Smiths' three-year statute of limitations against Ponce had already expired. Waterfall obtained, by virtue of the assignment of rights in the settlement agreement, only the rights that the Smiths themselves could have asserted. Waterfall has not cited any authority, nor have we found any, that would allow Waterfall to assert greater rights than those the Smiths themselves could have asserted against Ponce. We find that Rule 15(c) cannot be stretched so far as to allow Waterfall to assert new claims in its representative capacity that would have been time-barred had the Smiths themselves tried to bring them. We therefore affirm the trial court's holding that Waterfall's assigned claims were barred by the three-year statute of limitations.

In addition, Respondent argues that Waterfall's causes of action for negligence, breach of contract and breach of warranty are merely disguised claims for equitable indemnity. We agree. "Under South Carolina law, a claimant cannot maintain derivative tort or breach of warranty claims arising only from the claimant's potential liability for another party's damages and the claimant's need to defend itself in litigation; such contingent claims properly lie in indemnity." *BEI-Beach, LLC v. Christman*, 440 S.C. 98, 106, 889 S.E.2d 601, 605 (Ct. App. 2023). "The character of an action is primarily determined by the allegations contained in the complaint." *Stoneledge at Lake Keowee Owners' Ass'n v. Clear View Constr., LLC*, 413 S.C. 615, 620, 776 S.E.2d 426, 429 (Ct. App 2015) ("*Stoneledge I*") (quoting *Seebaldt v. First Fed. Sav. & Loan Ass'n*, 269 S.C. 691, 692, 239 S.E.2d 726, 727 (1977)).

This court addressed similar issues in the *Stoneledge* cases.[1] In *Stoneledge I*, Stoneledge sued general contractor Marick Home Builders (Marick), alleging

[1] "*Stoneledge I*" and *Stoneledge at Lake Keowee Owners' Ass'n v. Builders FirstSource-Southeast Group*, 413 S.C. 630, 633–34, 776 S.E.2d 434, 436 (Ct. App. 2015) ("*Stoneledge II*").

construction defects. 413 S.C. at 619, 776 S.E.2d at 428. Marick filed a cross-complaint against its subcontractors, alleging that the subcontractors' negligence caused Marick to incur attorneys' fees and costs, and potential liability to Stoneledge. *Id.* at 621, 776 S.E.2d at 429. The court held that Marick's negligence claims against the subcontractors were merely disguised claims for equitable indemnity. *Id.* at 430, 776 S.E.2d at 622. Later, in *Stoneledge II*, the court similarly found that Marick's crossclaims for breach of contract and breach of warranty were equitable indemnity claims arising exclusively from the claims made by Stoneledge against Marick. 413 S.C. 630, 637, 776 S.E.2d 434, 438 (Ct. App. 2015).

Similarly, in *BEI-Beach, LLC v. Christman*, a general contractor being sued for construction defects asserted a third-party complaint against the architectural firm on the project, alleging professional negligence and breach of warranty. 440 S.C. at 102, 889 S.E.2d at 603. The trial court granted summary judgment in favor of the architect and this court affirmed. *Id.* at 110, 889 S.E.2d at 607. Relying on the *Stoneledge* cases, this court found there were no independent causes of action for professional negligence or breach of warranty where the claims arose exclusively from the contractor's potential liability to the plaintiff. *Id.* at 107, 110–11, 889 S.E.2d at 605, 607.

In Waterfall's complaint against Ponce and the other subcontractors, it alleges:

42. Defendants have sued Waterfall claiming damages allegedly caused by defective or deficient construction at the Property.

43. Waterfall has denied the substantive allegations made against it by Defendants and is without fault in connection with said claims.

44. The Subcontractors performed various scopes of work at the property.

45. Waterfall has been subjected to Defendants' suit and to the costs, expenses, attorneys' fees, and liabilities associated therewith.

46. Upon information and belief, the Defendants' claims against Waterfall are in whole or in part a result of the acts, omissions, various breaches of warranty, services and materials, and work of the Subcontractors.

47. The damages to Waterfall include the costs and fees, including attorneys' fees, associated with the

investigation and defense of the Defendants' Counterclaims, as well as special and consequential damages, including injury and damage to Waterfall's business reputation and the liability for damage to the Property, which, according to Defendants' allegations, include failure of the building structure and systems due to acts or omissions of the Subcontractors, which combined to result in consequential damage to building components and other property.

Waterfall argues that Ponce's negligence caused it to sustain damages independent of the Smiths' claims against Waterfall, pointing to damage to its business reputation and inability to collect the contract balance from the Smiths. However, Waterfall's asserted damages are almost identical to those claimed by the appellants in *BEI-Beach* (attorneys' fees and costs associated with the investigation and defense of the claims; and special and consequential damages including injury and damage to business reputation) and in *Stoneledge I* and *II* (attorneys' fees and costs, potential liability to Stoneledge). Further, Waterfall initially filed this action solely against the Smiths. It was only after the Smiths counterclaimed for defective construction that Waterfall amended its complaint to allege additional causes of action against Ponce. Without the Smiths' counterclaims against Waterfall, it is clear Waterfall's claims against Ponce would not exist.[2]

---

[2] The order granting summary judgment does not address Ponce's argument that Waterfall's claims are merely disguised claims for equitable indemnification. However, Ponce made this argument to the lower court in its motion for summary judgment and both parties argued this issue in their respective briefs to this court. We therefore address this issue as an additional sustaining ground supporting the trial court's decision. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling . . . upon any ground(s) appearing in the Record on Appeal."); *I'On, LLC v. Town of Mt. Pleasant*, 338 S.C. 406, 418–21, 526 S.E.2d 716, 722–24 (2000) (holding that a party who prevails in the lower court may raise on appeal any additional reasons the appellate court should affirm the lower court's ruling, regardless of whether those reasons were ruled on by the trial court).

III. Contractual Indemnification

The trial court summarily dismissed Waterfall's claim for contractual indemnity, stating "no contract has been produced in opposition to Defendant's Motion establishing an indemnity agreement between the parties . . . As Plaintiff has produced no contract in opposition to Defendant's motion, the Court GRANTS such Motion as to Plaintiff's breach of contract and contractual indemnity claims." Waterfall does not address the issue of contractual indemnity in its brief to this court other than to argue that the contractual indemnity claim is not a "repeated cause of action for equitable indemnity." However, that was not the basis for the trial court's dismissal of Waterfall's contractual indemnity action. Because Waterfall has not addressed the grounds for the trial court's ruling in its brief to this court, we deem this issue abandoned. *See Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 497 (Ct. App. 2006) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court." (quoting *Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106, 439 S.E.2d 283, 284 (Ct. App. 1993))).

IV. Equitable Indemnification

Waterfall asserts that the trial judge conflated the concepts of "responsibility" and "fault" and in doing so, erroneously granted summary judgment as to its equitable indemnity claim. We agree.

The trial court's decision to grant summary judgment on the equitable indemnity claim rested entirely on the affidavit of David A. Brown, Waterfall's principal. In it, Brown states:

> While my company and I were not negligent in the construction, as we had hired licensed professionals whom we had prior relationships and experience with, as the contractor pulling the permit and contracting with the Smiths, my company was ultimately responsible for the defective work undertaken by the Defendant. Basically my company became liable due to the breaches of contract and duties by others.

In general, indemnity is a "form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party." *Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 363 S.C. 385, 389, 611 S.E.2d 235, 237 (2005) (quoting *First Gen. Servs of Charleston, Inc. v. Miller*, 314 S.C. 439, 442, 445 S.E.2d 446, 449 (1994)). "The right to indemnity arises by operation of law 'in

cases of imputed fault or where some special relationship exists between the first and second parties.'" *Id*. "According to equitable principles, a right of indemnity exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join." *Stuck v. Pioneer Logging Mach., Inc.*, 279 S.C. 22, 24, 301 S.E.2d 552, 553 (1983). "A general contractor's relationship with its subcontractor in the residential construction context is sufficient to support the general contractor's right of equitable indemnity against the subcontractor." *Stoneledge I*, 413 S.C. at 625, 776 S.E.2d at 432.

To recover against Ponce on its claim for equitable indemnity, Waterfall must prove: (1) Ponce was at fault in causing the damage to the Smiths' property; (2) Waterfall had no fault in causing those damages; and (3) Waterfall incurred expenses that were necessary to protect its interest in defending against the Smiths' claim. *See id*.

The lower court found that there was no genuine issue of material fact as to the second element because Brown's affidavit conceded Waterfall's "fault" in causing the Smiths' damages. However, Brown expressly stated that Waterfall was *not* negligent in the construction. He further asserted that Waterfall was "ultimately responsible for the defective work undertaken by [Ponce]" and that the company "became liable due to the breaches of contract and duties by others." We do not read the affidavit (or any of the allegations in the complaint) as conceding that Waterfall was responsible for any faulty construction. Viewing the facts in the light most favorable to Waterfall, we find there is a genuine issue of material fact as to whether Waterfall and Ponce were joint-tortfeasors or if Ponce was solely responsible. The trial court therefore erred in granting summary judgment on Waterfall's cause of action for equitable indemnity.

**CONCLUSION**

We find no error in the trial court's order granting summary judgment as to Waterfall's claims for contribution, breach of contract, breach of implied warranties, contractual indemnity, and negligence. We find, however, that the trial court erred in granting summary judgment as to Waterfall's claim for equitable indemnification. Accordingly, we reverse that portion of the order granting summary judgment and remand for further proceedings on Waterfall's remaining cause of action for equitable indemnification.

**AFFIRMED IN PART AND REVERSED IN PART.**

**THOMAS, HEWITT, and CURTIS, JJ., concur.**