20565

Curtis S. SEEBALDT and Monica M. Seebaldt, Appellants, v. FIRST
FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent.

(239 S. E. (2d) 726)

*William D. Richardson,* of Greenville, *for Appellant,*

*Arthur M. Flowers, Jr.,* of Georgetown, *for Respondent,*

December 13, 1977.

NESS, Justice.

This appeal is from an order sustaining respondent's demurrer to appellants' complaint. We agree the complaint fails to state a cause of action and affirm.

Appellants, Mr. and Mrs. Seebaldt, contracted with respondent, First Federal Savings & Loan, to finance the construction of a residence. When appellants became dissatisfied with the building they commenced suit against respondent, alleging negligent, reckless, wilful and wanton conduuct in the supervision of the contractor's work and in the disbursement of funds. In subustance, recovery is sought on the basis that respondent failed to adequately perform its contractual obligations.

The character of an action is primarily determined by the allegations contained in the complaint. *First National Co. v. Strak,* 148 S. C. 410, 146 S. E. 240 (1929) ; *Barnwell Production Credit Association v. Hartzog,* 231 S. C. 340, 98 S. E. (2d) 835 (1957). See also Section 15-13-220(2) of the 1976 Code of Laws of South Carolina; Lightsey, South Carolina Code Pleading, p. 76, *et seq.*

Appellants' complaint contains allegations couched in terms of negligence, yet the only duty allegedly owed by respondent to appellants is a contractual one.

Bare allegations of negligence cannot convert a breach of contract action into an action in tort. *Farmers' Union Mercantile Co. v. Anderson,* 108 S. C. 66, 93 S. E. 422 (1917).; *Dixon v. Texas Company,* 222 S. C. 385, 72 S. E. (2d) 897 (.1952).

When it is questionable whether an action is plead on contract or in tort, doubt is generally resolved in favor of regarding the action to be on contract. *V. P. Randolph & Company v. Walker,* 78 S. C. 157, 59 S. E. 856 (1907); *Timmons v. Williams Wood Products Corporation, et al.,* 164 S. C. 361, 162 S. E. 329 (1932); see also 1 Am. Jur. (2d), Action, § 9, p. 551. However, on page two of their brief, appellants admit that nowhere in the complaint ". . . is there alleged a breach of contractual duty owed by defendant to Plaintiff." Accordingly, appellants' complaint fails to state a cause of action either in tort or on contract.

The order sustaining respondent's demurrer is affirmed.

Lewis, C. J., and Littlejohn, Rhodes and Gregory, JJ., concur.