**UNITED STATES FIDELITY &
GUARANTY COMPANY,
Plaintiff,**

v.

**PATRIOT'S POINT DEVELOPMENT
AUTHORITY, et al., Defendants.**

**CITIZENS AND SOUTHERN TRUST
COMPANY (SOUTH CAROLINA)
N.A., et al., Plaintiffs,**

v.

**PATRIOT'S POINT DEVELOPMENT
AUTHORITY, et al., Defendants.**

**Ethel WENRICH, et al., Plaintiffs,**

v.

**PATRIOT'S POINT DEVELOPMENT
AUTHORITY, et al., Defendants.**

**Civ. A. Nos. 2:90–0196–8, 2:90–
279–8 and 2:90–0278–8.**

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 14, 1992.

Stephen Peterson Groves Sr., Charleston, S.C., Stephen J. Immelt, Thomas F. O'Neil III, Baltimore, Md., for U.S. Fidelity & Guar. Co.

George Hunter McMaster, Tompkins, McMaster and Thomas, Columbia, S.C., Dennis James Christensen, Wise and Cole, P.A., Morris Dawes Cooke Jr., George Trenholm Walker, Charleston, S.C., Roger E. Warin, Antonia B. Ianniello, Steptoe & Johnson, Washington, D.C., W. Sidney Davis Jr., Davis, Markel & Edwards, Marc J. Schiller, Davis, Markel & Edwards, New York City, Jack N. Sibley, Freeman & Hawkins, Atlanta, Ga., Joseph H. McGee, Buist, Moore, Smythe & McGee, David Brian McCormack, Wade H. Logan III, Holmes & Thomson, Charleston, S.C., Gail E. Xiques, Lowenstein Sandler Kohl Fisher & Boylan, Roseland, N.J., Lawrence J. Fox, Drinker Biddle & Reath, Philadelphia, Pa., John T. May, Jordan, Coyne, Savits & Lopata, Washington, D.C., Morris D. Rosen, Richard S. Rosen, Rosen, Rosen & Hagood, Charleston, S.C., James B. Vaught, Mt. Pleasant, S.C., for Patriot's Point Development Authority, et al. in Civ.A. No. 2:90–0196–8.

Francis Thomas Draine, Law Office, Columbia, S.C., J. Kendall Few, J. Kendall Few, P.A., Greenville, S.C., for Ethel Wenrich, et al.

David Paul McCann, James Kevin Holmes, Steinberg, Spitz, Goldberg, Pearlman, Holmes & White, Thomas Dewey Wise, Wise & Cole, P.A., Charleston, S.C., Donald Harland Stubbs, Columbia, S.C., for Patriot's Point Development Authority, et al. in Civ.A. No. 2:90–0278–8.

Mark Charles Tanenbaum, Law Office, Charleston, S.C., David R. Donaldson, David J. Guin, Esq., Birmingham, Ala., Richard David Chard, North Charleston, S.C., J. Michael Rediker, Birmingham, Ala., for Citizens and Southern Trust Co. (South Carolina) N.A., et al. in Civ.A. No. 2:90–279–8.

John Condon Conway Jr., Marvin Lee Robertson Jr., Law Office, Mt. Pleasant, S.C., Arthur Timothy Jones, Freeman & Hawkins, Atlanta, Ga., Robert Michael Drose, Law Office, Alice Fountain Paylor, Rosen, Rosen & Hagood, Charleston, S.C., for Patriot's Point Development Authority, et al. in Civ.A. No. 2:90–279–8.

## ORDER

BLATT, Senior District Judge.

The Court, having already passed upon the contribution issue raised in this case, has stated that, in the event the settlement agreement between the Patriot's Point Development Authority—("the Authority")—and the Plaintiffs is approved, it will enter an order—("Bar Order")—barring the Non–Settling Defendants from asserting claims against the Authority for contribution or indemnity[1], granting the Non–Settling Defendants a credit against any judgment rendered against these defendants equal to the Authority's proportionate fault, if any, for damages, as determined by the jury for those claims where the Non–Settling Defendants are entitled to contribution, and dismissing Plaintiffs' claims, if any, for which the Non–Settling Defendants may in any possible way be entitled to indemnification against the Authority. In contemplation of the proposed Bar Order, the Authority has moved to strike cross-claims for indemnity asserted against it by the Non–Settling Defendants J.B. Hanauer & Company ("Hanauer"); Haynsworth, Marion, McKay & Guerard ("the Haynsworth firm"); Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A. ("the Greenberg firm"); and Citizens and Southern Trust Company (South Carolina), N.A. ("C & S Trust") (collectively "the cross-claimants").

The complaints herein contend that the Non–Settling defendants each played an active role in the issuance and sale of the Patriot's Point Development Authority—(South Carolina)—Revenue Bonds, Series A of 1987, or, in the case of C & S Trust, as trustee of the bond proceeds. These complaints allege that Hanauer, as underwriter, bore a duty to conduct independent investigations of the material representations in the Preliminary Official Statement—(POS)—and Official Statement—(OS)—distributed to potential investors; that the Haynsworth firm, as bond counsel, assumed primary responsibility for preparation of the bond resolutions, security documents, and other bond documents; that the Greenberg firm, as underwriter's counsel, had primary responsibility for prepar-

---

[1]. The Non–Settling Defendants in general, and C & S, in particular, contend that they have "independent claims" against the Authority which are neither for contribution or indemnification. It appears to this court that without plaintiffs suing the non-settling defendants the "independent claims" of the Non–Settling Defendants would not exist and that these claims are really nothing more than claims for indemnity. In dismissing a similar argument involving allegations of securities fraud and finding that such claims were really claims for contribution or indemnity, the court in *South Carolina National Bank v. Stone*, 749 F.Supp. 1419 (D.C.S.C.1990) stated:

> The *Stone* defendants seek to assert cross-claims against certain of the settling defendants for breach of contract, negligence, and fraud. The *Stone* defendants contend that these claims are in the nature of independent rights of action rather than contribution and

such independent causes of action can not be barred. . . . Citing *Greene v. Emersons Ltd.*, [1984 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 99,582 at 97,271, 1983 WL 1395 (S.D.N.Y. 1983), the settling defendants persuasively argue that a rose by another name is still a rose and that regardless of the title given to the claims the *Stone* defendants seek to assert, the *Stone* defendants' alleged damages arise only if the *Stone* defendants were found liable to the plaintiffs and that, accordingly, these purported causes of action are nothing more than claims for contribution or indemnification with a slight change in wording.

Furthermore, the argument of the Non–Settling Defendants is a distinction without a difference, since the Bar Order will bar all Defense Claims that the Non–Settling Defendants have against the Authority, as that term is defined in the Settlement Agreement, whether they are for indemnity or otherwise.

ing the POS and OS; and that C & S Trust, as bond trustee, was charged with specific duties under the bond resolutions. Notwithstanding these alleged active roles in connection with the issuance and sale of the bonds, each of the cross-claimants has asserted that the Authority is obligated, contractually or by operation of law, to indemnify them for any liability the cross-claimants may have in connection with the performance of their duties.

The parties have briefed, and the Court has heard argument on, whether the proposed Bar Order may bar the indemnity cross-claims. For the reasons stated below, the Court holds that the indemnity claims asserted here may be barred in the proposed Bar Order to be issued by the Court.

## Discussion

Bar Orders such as the one the Court proposes to enter herein advance the strong federal interest of settlement of complex class action securities cases. *Nelson v. Bennett*, 662 F.Supp. 1324 (E.D.Cal. 1987); *see Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir.1976) (overriding public interest in settling litigation, particularly class action suits). As one court has noted, "any party who settles without a bar order is courting disaster," *VMS Partnership Secs. Litig.*, 1991 WL 134262 (N.D.Ill. July 16, 1991), and, as this case well demonstrates, settlement often may be impossible without an effective and comprehensive Bar Order. In short, the overriding federal interest in encouraging settlements is one which would be frustrated if courts could not protect a settling party from future litigation through imposition of a Bar Order. *Alvarado Partners, L.P. v. Mehta*, 723 F.Supp. 540, 551 (D.Colo.1989).

Nonetheless, as the Court noted in its order adopting the credit method for the proposed Bar Order, the strong interest in promoting settlement must be tempered by concerns of fairness to all parties. With regard to the contribution claims, the court has adopted the proportionate fault method of determining the credit due the Non–Settling Defendants. The Court is not persuaded, however, that the efforts of certain defendants to assert indemnity claims against the Authority requires that it, as a matter of equity, restrict the proposed Bar Order in a manner that would effectively undermine the settlement. The plaintiffs stated in open court that they had neither alleged, nor did they intend to allege, any claim which would, under any legal theory, give rise to a cross-claim for indemnification against the Authority by any defendant. Therefore, if any claim asserted by the plaintiffs develops into a claim for which a Non–Settling Defendant can legally prove entitlement to indemnification against the Authority, such claim against that particular defendant will be dismissed with prejudice.

▪ Furthermore, the Court notes that no right of indemnity exists for liability under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5, *see Tucker v. Arthur Andersen & Co.*, 646 F.2d 721 (2d Cir.1981); *Stowell v. Ted S. Finkel Inv. Servs., Inc.*, 641 F.2d 323 (5th Cir.1981), and the cross-claimants have not disputed this proposition.[2] Accordingly, the principle issue to be resolved is whether the cross-claimants here have any independent claim for indemnity against the Authority should they be held liable on the state law theories advanced by the plaintiffs; this court feels not, for the reasons hereinafter advanced.

Should any Non–Settling Defendant prove a right of indemnity against the Au-

**2.** The court also notes that the federal policy of deterrence that prohibits indemnity for violation of federal securities laws may also bar state law claims of indemnity where the primary liability is measured by the federal securities violations. *See Alvarado Partners*, 723 F.Supp. at 554 ("Further, to the extent non-settling defendants seek damages for breach of warranty, breach of contract, fraud, and negligent misrep-

resentation, *measured by its liability for violation of the Securities and Exchange Acts,* such claims may be extinguished.") [emph. added]; *see also South Carolina National Bank v. Stone,* 749 F.Supp. 1419 (D.S.C.1990) (noting that indemnification frustrates the policies of the federal securities laws, which themselves prohibit indemnification).

thority, despite the plaintiffs' affirmative position that no such claims have been made, the Bar Order to be entered in this case will provide for the complete satisfaction of such claim by an appropriate "credit" or offset against any judgment obtained. Under the terms of the settlement between the plaintiffs and the Authority, which will be incorporated in the Bar Order, should any plaintiff prove at trial, or otherwise establish, a claim against any Non–Settling Defendant to which that Non–Settling defendant proves it is entitled to indemnification from the Authority, that Plaintiff could not, and this court will not, enter a judgment against a Non–Settling Defendant on such claim. Therefore, the Non–Settling Defendants are not prejudiced, and do not suffer any loss of property or due process rights, because they receive the full value for their indemnity claim by virtue of the dismissal of all claims against them for which a claim over of indemnity might be recovered against the Authority. For example, if the Plaintiffs were able to obtain a verdict against one of the Non–Settling Defendants on a claim for which there would be a claim over for indemnity against the Authority, the Bar Order will prevent that judgment from being entered against that Non–Settling Defendant and will require a dismissal of that claim.

The Non–Settling Defendants, however, contend that the above-mentioned "credit" or offset is insufficient to fully satisfy their indemnity claims against the Authority because they would be entitled to indemnification for attorneys' fees and related expenses incurred in defending themselves and prosecuting their cross-claims. They cite *Addy v. Bolton*, 257 S.C. 28, 183 S.E.2d 708 (1971); *Town of Winnsboro v. Wiedeman–Singleton, Inc.*, 398 S.E.2d 500 (S.C.Ct.App.1990) in support of their argument. The Court finds these cases not applicable here.

■ It is well settled that a party is not entitled to attorneys' fees for proving its right to indemnity. *Vallejos v. C.E. Glass Co.*, 583 F.2d 507 (10th Cir.1978); *Peter Fabrics, Inc. v. S.S. Hermes*, 765 F.2d 306 (2nd Cir.1985); 42 C.J.S.2d, *Indemnity*, § 20 and § 42. In view of the settlement agreement, any judgment obtained by the plaintiffs against a Non–Settling Defendant, to which indemnification against the Authority would apply, will be offset in the amount of such judgment. In this court's opinion, no fees and costs should be incurred by any Non–Settling Defendant in defending a claim to which indemnification would arise because the plaintiffs have stated in open court that they have neither alleged nor did they intend to allege any claim to which indemnification would arise; furthermore, the plaintiffs have agreed to offset any judgment received by crediting the Non–Settling Defendants for any *proven* claim for indemnification arising from such judgment. Therefore, the primary objective of attorneys representing a Non–Settling Defendant on an alleged indemnification claim will be to establish the right to indemnity against the Authority, for which attorneys' fees are not recoverable, rather than defending any claim which may give rise to indemnification, because by proving their right to indemnification, each Non–Settling Defendant is relieved from judgment.[3] All fees and expenses incurred in

---

**3.** While it is not inconceivable that some part of attorneys' fees and related costs may be necessary to defend plaintiffs' claims, that part, if any, when balanced against the overriding federal policy of effectuating settlements in this type of case, is not sufficiently significant to require this court to interfere with this important policy. See, *In re School Asbestos Litig.*, 921 F.2d 1330 (3rd Cir.1990), in which the court noted this policy and also stated that non-settling defendants are not deprived of any right to contribution or indemnity if, under a proportionate fault method, they are given a reduction in the judgment against them equal to the amount of any contribution or indemnity claim.

It is not clear to this court whether the issue of attorneys' fees was raised in the asbestos case here cited. This court notes, however, in recognition of the possibility of some part of the fees being directed to defend plaintiffs' claim, that, under the proposed Bar Order and Settlement Agreement, including the proportionate fault credit, the Non–Settling Defendants have obtained valuable benefits—defenses with which they will not be faced—insofar as any indemnification claims against the Authority and its members may be concerned from the approach taken herein. First, any indemnification claims that the Non–Settling Defendants may have

defending claims which are not indemnifiable could not be recovered by the Non–Settling Defendants. Therefore, in this court's opinion, the Non–Settling Defendants are not being deprived of any potential claim for indemnification if the Bar Order, as proposed, is entered by the Court.

## Conclusion

For the foregoing reasons, the Court finds the Bar Order to be entered in this action will bar all claims over against the Authority by the Non–Settling Defendants, whether they be for contribution, indemnification, or otherwise, and that the Bar Order, and the credits contemplated thereby, do not impair any rights of the Non–Settling Defendants against the Authority.

IT IS SO ORDERED.

---

against the Authority and its members face potential immunity defenses asserted by both the Authority, a state agency, as well as the individual Authority defendants; in addition, questions arise as to the ability of the Non–Settling Defendants to execute on a judgment against Authority assets. Second, the Non–Settling Defendants also potentially face a statutory cap for any state claim asserted against the Authority due to limitations imposed by the S.C. Tort Claims Act, S.C. Code Ann. § 15–78–120. Third, it is doubtful that the Authority members may be sued in their individual capacity under the S.C. Tort Claims Act. S.C.Code Ann. § 15–78–70. Finally, it appears that the Authority and its members are giving up, under the Settlement Agreement, any right to indemnification that each may have against the Non–Settling Defendants.