776 S.E.2d 426

STONELEDGE AT LAKE KEOWEE OWNERS' ASSOCIATION, INC., C. Dan Carson, Jeffrey J. Dauler, Joan W. Davenport, Michael Furnari, Donna Furnari, Jessy B. Grasso, Nancy E. Grasso, Robert P. Hayes, Lucy H. Hayes, Ty Hix, Jennifer D. Hix, Paul W. Hund, III, Ruth E. Isaac, Michael D. Plourde, Mary Lou Plourde, Carol C. Pope, Steven B. Taylor, Bette J. Taylor, and Robert White, individually, and on behalf of all others similarly situated, Plaintiffs,

v.

CLEAR VIEW CONSTRUCTION, LLC, IMK Development Co., LLC, Keowee Townhouses, LLC, Ludwig Corporation, LLC, SDI Funding, LLC, Medallion at Keowee, LLC, Bradford D. Seckinger, John Ludwig, Larry D. Lollis, William C. Cox, Integrys Keowee Development, LLC, Marick Home Builders, LLC, M Group Construction and Development, LLC, Bostic

Brothers Construction, Inc., Rick Thoennes, Mel Morris, Joe Bostic, Jeff Bostic, Michael Franz, MHC Contractors, Miguel Porras Choncoas, Builders First Source Southeast Group, Mike Green, Southern Concrete Specialties, Carl Compton d/b/a Compton Enterprise a/k/a Compton Enterprises, Gunter Heating & Air, All Pro Heating, A/C & Refrigeration, LLC, Coleman Waterproofing, Heyward Electrical Services, Inc., Tinsley Electrical, LLC, Hutch N Son Construction, Inc., Carl Catoe Construction, Inc., T.G. Construction, LLC, Delfino Construction, Francisco Javier Zarate d/b/a Zarate Construction, Alejandro Avalos Cruz, Herberto Acros Hernandez, Martin Hernandez–Aviles, Francisco Villalobos Lopez, Ambrosio Martinez–Ramirez, Ester Moran Mentado, Socorro Castillo Montel, Upstate Utilities, Inc., Southern Basements, Inc., MJG Construction and Homebuilders, Inc. d/b/a MJG Construction, KMAC, Inc. d/b/a KMAC North Carolina, Eufacio Garcia, Everado Jarmamillio, Garcia Parra Insulation, Inc., J & J Construction, Jose Nino, Jose Manuel Garcia, Eason Construction, Inc., Vincent Morales d/b/a Morales Masonry, and Miller/Player & Associates, Defendants,

Of whom Marick Home Builders, LLC and Rick Thoennes are Appellants,

and

Clear View Construction, LLC and Michael Franz are Respondents.

Appellate Case No. 2013–001403.
No. 5343.

Court of Appeals of South Carolina.

Heard March 5, 2015.
Decided Aug. 19, 2015.

Jason Michael Imhoff and Carl Reed Teague, The Ward Law Firm, PA, both of Spartanburg, for appellants.

Robert T. Lyles, Jr., Lyles & Lyles, LLC, of Charleston, and Michael B.T. Wilkes and Ellen S. Cheek, Wilkes Law Firm, PA, both of Spartanburg, all for respondents.

FEW, C.J.

Marick Home Builders, LLC served as one of several general contractors for the construction of townhomes known as Stoneledge at Lake Keowee. The Stoneledge at Lake Keowee Owners' Association, Inc. ("Stoneledge") brought suit against Marick and others alleging construction defects in the townhomes. The circuit court granted summary judgment

against Marick on its cross-claim for negligence, finding "Marick's negligence claim is a claim for equitable indemnity." The circuit court also found Marick's fault required summary judgment on its equitable indemnity claim. We affirm the court's ruling that Marick did not have a separate claim for negligence. However, we find Marick presented a question of fact on its equitable indemnity claim. We reverse the summary judgment on that issue and remand for trial on the equitable indemnity claim.

## I.  Facts and Procedural History

IMK Development Company developed a lakefront community known as Stoneledge at Lake Keowee. IMK hired Marick as a general contractor for the construction of townhomes in the community, and Marick subcontracted with Clear View Construction, LLC to perform stonework. Rick Thoennes is the principal of Marick.

In 2012, Stoneledge brought this lawsuit seeking damages resulting from construction defects that allowed water into the townhomes. Two of the construction defects alleged by Stoneledge related to the stonework performed by Clear View— "installation of stone below grade and complete lack of flashing at the water table at intersections of differing building components." Marick denied liability and brought cross-claims for equitable indemnity, negligence, breach of contract, and breach of warranty. The cross-claim defendants included the respondents Clear View and Michael Franz—Clear View's owner.

Clear View and Franz filed a motion for summary judgment on all of Marick's cross-claims, which the circuit court granted. The court ruled "Marick's negligence claim is a claim for equitable indemnity," explaining "the allegations and remedies sought by both actions stem directly from the potential liability [Marick] could face for the damages claimed by [Stoneledge]."

The court then considered the only remaining cross-claim against Clear View and Franz—equitable indemnity—and granted summary judgment. The court's decision was premised on its finding that Marick "cannot be adjudged without fault" because it failed to discover building code violations that

resulted, in part, from Clear View's faulty installation of stone and failure to install flashing. Based on Marick's fault for not discovering these building code violations, the court concluded Marick's cross-claim "for equitable indemnity must fail."

The court addressed Marick's claims for breach of contract and breach of warranty in a separate order not at issue in this appeal. Marick filed a motion under Rule 59(e), SCRCP, which the circuit court denied.

## II. Summary Judgment

Rule 56(c) of the South Carolina Rules of Civil Procedure provides the circuit court shall grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." When the circuit court grants summary judgment on a question of law, we review the ruling de novo. *Town of Summerville v. City of N. Charleston,* 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008). "In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party." *Quail Hill, LLC v. Cnty. of Richland,* 387 S.C. 223, 235, 692 S.E.2d 499, 505 (2010) (citation omitted). "However, it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." *Town of Hollywood v. Floyd,* 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013).

### A. Negligence Claim

■ First, Marick argues its negligence cross-claim is a separate cause of action from its equitable indemnity claim, and thus, the circuit court erred in granting summary judgment.[1] We disagree.

■ "The character of an action is primarily determined by the allegations contained in the complaint." *Seebaldt v. First Fed. Sav. & Loan Ass'n,* 269 S.C. 691, 692, 239 S.E.2d 726, 727 (1977). The issue Marick raises—whether the circuit court

---

1. We address in this opinion only the circuit court's decision to grant summary judgment on the negligence cross-claim. We address the circuit court's ruling on the breach of contract and breach of warranty cross-claims in a separate appeal.

properly interpreted its claim for negligence as a claim for equitable indemnity—requires us to construe its cross-complaint, and thus presents a question of law. *See Monteith v. Harby*, 190 S.C. 453, 455, 3 S.E.2d 250, 250 (1939) ("The construction of a pleading involves a matter of law."). We therefore review the circuit court's ruling de novo. *Town of Summerville*, 378 S.C. at 110, 662 S.E.2d at 41; *see also Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545, 564, 658 S.E.2d 80, 90 (2008) (stating appellate courts review questions of law de novo).

In its cross-complaint, Marick alleged Clear View's negligence caused Marick "to incur attorneys' fees, costs, and face potential liability to [Stoneledge]." The cross-complaint also stated, "Should [Stoneledge] prevail on [its] claims, Marick . . . is entitled to recover . . . legal fees and costs or [any amount it is] ordered to pay to [Stoneledge]." Marick's allegations demonstrate it did not sustain its own damages as a result of any negligence by the respondents. Rather, the allegations show Stoneledge is the party that suffered damages, and Marick's injuries arose exclusively from having to defend itself in Stoneledge's lawsuit. Consequently, the damages Marick seeks to recover resulted only from its potential liability to Stoneledge and from the expenses it incurred defending itself. When pressed at oral argument, Marick's counsel could not identify any damages it claimed in this lawsuit that did not arise exclusively from the claims made by Stoneledge.[2]

To support the finding that Marick's negligence cross-claim was actually a claim for equitable indemnity, the circuit court relied on two federal district court cases—*South Carolina National Bank v. Stone*, 749 F.Supp. 1419 (D.S.C.1990) and *United States Fidelity & Guaranty Co. v. Patriot's Point Development Authority*, 788 F.Supp. 880 (D.S.C.1992) (*USF & G* ). In *Stone*, the defendants asserted cross-claims for breach of contract, negligence, and fraud against co-defendants that

---

2. Counsel made several arguments that Marick suffered damages independent of those arising from the claims made by Stoneledge. However, we have carefully examined the record, particularly Marick's cross-complaint, and we find Marick did not allege any damages except those it suffered exclusively as a result of potential liability to Stoneledge. As for any damages Thoennes contends he sustained independent of the Stoneledge claim, see section II. B. of this opinion.

settled with the plaintiffs. 749 F.Supp. at 1432–33. The district court barred the non-settling defendants from asserting these cross-claims against the settling defendants because it found they were not independent causes of action. 749 F.Supp. at 1433. The court explained the cross-claims arose only if the non-settling defendants were liable to the plaintiffs, and "these purported causes of action are nothing more than claims for ... indemnification with a slight change in wording." *Id.*

Similarly, in *USF & G*, the defendants argued they had "independent claims" against a co-defendant in addition to their claim for indemnification. 788 F.Supp. at 881 n. 1. The district court barred the defendants from bringing these claims, finding "without [the] plaintiffs suing the ... defendants[,] the 'independent claims' ... would not exist," and thus "these claims are really nothing more than claims for indemnity." *Id.*

We agree with *Stone* and *USF & G* and find the reasoning in those decisions applies to this case. Under Marick's own allegations, its negligence cross-claim arose only when it faced potential liability for Stoneledge's damages and incurred fees and costs defending against Stoneledge's lawsuit. Marick's negligence cross-claim is nothing more than a claim for equitable indemnity.

Marick argues *Addy v. Bolton*, 257 S.C. 28, 183 S.E.2d 708 (1971), supports the argument that it may recover from the respondents under a negligence theory independent of its claim for equitable indemnity. *Addy* is one of the seminal cases in South Carolina on the theory of equitable indemnity. *See Town of Winnsboro v. Wiedeman–Singleton, Inc.,* 307 S.C. 128, 130, 414 S.E.2d 118, 120 (1992) (stating, "This Court has long recognized the principle of equitable indemnification," and citing *Addy* ). We agree *Addy* controls this case to the extent it shows Marick may assert a claim for equitable indemnity against a negligent co-defendant. *See Addy,* 257 S.C. at 33, 183 S.E.2d at 709 (stating "where the wrongful act of the defendant has involved the plaintiff in litigation with others ... as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original

wrongful act and may be recovered as damages"); *see also McCoy v. Greenwave Enters., Inc.,* 408 S.C. 355, 359, 759 S.E.2d 136, 138 (2014) ("In cases of . . . equitable indemnification, 'reasonable attorney['s] fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses.' " (second alteration in original) (quoting *Addy,* 257 S.C. at 33, 183 S.E.2d at 710)).

However, we do not read *Addy* to support Marick's separate negligence claim against Clear View. First, the only claim made by the *Addy* appellants was for indemnity. *See* 257 S.C. at 31, 183 S.E.2d at 709 ("The appellants also [in addition to their answer] filed a cross action against the respondent demanding judgment in an amount equal to any judgment which may be rendered against them in favor of the Addys, together with the costs of the action and attorney fees for defending such."); 257 S.C. at 32, 183 S.E.2d at 709 (stating "the appellants contend . . . [an indemnity] contract was created by operation of law and under such an implied contract of indemnity they are entitled to recover from the respondent the fees paid their attorneys in the successful defense of this action"); 257 S.C. at 32–33, 183 S.E.2d at 709 ("We think this appeal can be disposed of by a determination of the single question of whether the appellants . . . are entitled to recover their costs and attorneys' fees incurred in the successful defense of this action under an implied contract, or because they were put to the necessity of defending themselves against the lessees' claim by the tortious conduct of the contractor. . . ."); 257 S.C. at 33, 183 S.E.2d at 709 (stating "the [appellants] seek to recover from the contractor the attorneys' fees incurred by them in defending themselves against the claim asserted by the tenants"). Second, the only theory of recovery the supreme court addressed in *Addy* was indemnity.

Finally, *Addy* is distinguishable from this case on the question of whether Marick may assert a claim for negligence. In *Addy,* the appellants suffered their own damages as a direct result of the contractor's conduct—independent of having to defend the lawsuit against them. As the supreme court explained, "the appellants . . . are the owners of a store building," and the dispute arose after "the appellants engaged . . . a general contractor . . . to make . . . needed repairs" to the building. 257 S.C. at 31, 183 S.E.2d at 708. "In making

the necessary repairs the [contractor] used an oxygen acetylene torch for the purpose of welding certain steel beams in the building. This welding operation started a fire in [the] building...." *Id.* Thus, to the extent *Addy* allowed a direct claim for negligence against the contractor, the claim would have been based on damages to the building that the *Addy* appellants suffered directly as a result of the fire. Unlike in this case, therefore, the *Addy* appellants did suffer their own damages independent of their obligation to defend themselves in the underlying lawsuit.

We find the circuit court properly granted summary judgment on Marick's negligence cross-claim because it is not an independent cause of action from Marick's equitable indemnity claim. The court correctly ruled that the only potential claim for the damages Marick incurred defending against Stoneledge's lawsuit is for equitable indemnity.

### B. Thoennes's Appeal

■ In addition to the reasons set forth above, we affirm summary judgment as to Thoennes's negligence cross-claim because we find he presented no issues preserved for appeal. The circuit court found only Marick—not Thoennes—asserted cross-claims against the respondents. Thoennes did not file a Rule 59(e), SCRCP, motion to contest this finding and did not raise the finding as an issue on appeal or argue it in his brief. *See Ness v. Eckerd Corp.,* 350 S.C. 399, 403–04, 566 S.E.2d 193, 196 (Ct.App.2002) ("If a trial judge grants relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal." (citation and internal quotation marks omitted)); Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

### C. Equitable Indemnity

■ We find the circuit court erred in granting summary judgment on the merits of Marick's equitable indemnity cross-claim because Marick presented a question of fact as to whether it was at fault for the alleged construction defects.

■ An equitable indemnity claim may arise when a third party (Stoneledge) makes a claim against the indemnity plain-

tiff (Marick) for damages the third party sustained as a result of another party's tortious conduct. *See Addy,* 257 S.C. at 33, 183 S.E.2d at 709 (stating an indemnity plaintiff may recover damages for equitable indemnity "where the wrongful act of the [indemnity] defendant has involved the [indemnity] plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest" (citation omitted)). The right of indemnity allows the indemnity plaintiff to recover the necessary expenses it incurred defending itself against the third party's claim. *Id.* Whether the right exists depends on the nature of the relationship between the indemnity plaintiff and the party who caused the third party's damages—Marick's subcontractor Clear View. *See Stuck v. Pioneer Logging Mach., Inc.,* 279 S.C. 22, 24, 301 S.E.2d 552, 553 (1983) (stating "a right of indemnity exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other"). A general contractor's relationship with its subcontractor in the residential construction context is sufficient to support the general contractor's right of equitable indemnity against the subcontractor. *First Gen. Servs. of Charleston, Inc. v. Miller,* 314 S.C. 439, 443, 445 S.E.2d 446, 448 (1994); *see generally McCoy,* 408 S.C. at 359, 360–61, 759 S.E.2d at 138 (stating "to sustain a claim for equitable indemnity, the existence of some special relationship between the parties must be established," and giving examples, including the relationship of residential contractor/subcontractor (citation and internal quotation mark omitted)).

██ To recover damages on its equitable indemnity claim, Marick must prove the following: (1) Clear View was at fault in causing Stoneledge's water intrusion damages; (2) Marick has no fault for those damages; and (3) Marick incurred expenses that were necessary to protect its interest in defending against Stoneledge's claim. *See Inglese v. Beal,* 403 S.C. 290, 299, 742 S.E.2d 687, 692 (Ct.App.2013) (stating the elements of equitable indemnity); *Walterboro Cmty. Hosp. v. Meacher,* 392 S.C. 479, 485, 709 S.E.2d 71, 74 (Ct.App.2011) (same); *see also Addy,* 257 S.C. at 33, 183 S.E.2d at 709–10 (describing the requirements for proving equitable indemnity).

The circuit court granted summary judgment because it found no genuine issue as to the second element—that Marick

must have been without fault in causing Stoneledge's damages. *See Meacher*, 392 S.C. at 486, 709 S.E.2d at 74 ("The most important requirement for . . . equitable indemnity is that the party seeking to be indemnified is adjudged without fault and the indemnifying party is the one at fault." (citation omitted)); *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 64, 518 S.E.2d 301, 307 (Ct.App.1999) ("[T]here can be no [equitable] indemnity among mere joint tortfeasors."). Under this element, Marick cannot recover for equitable indemnity if it had any fault in causing Stoneledge's damages. We have carefully examined the record in this case, and we cannot say as a matter of law Marick is at fault. Rather, we find the evidence is conflicting, and viewing the evidence in the light most favorable to Marick, the record contains evidence a factfinder could reasonably find supports the conclusion Marick was not at fault. Because of this conflicting evidence, the equitable indemnity cause of action must be remanded for a trial.

### III. Conclusion

The circuit court's order granting summary judgment is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for trial.

THOMAS, J., concurs.

LOCKEMY, J., concurring in part and dissenting in part.

I respectfully concur in part and dissent in part. I agree with the majority that the trial court erred in granting summary judgment on Marick's cross-claim for equitable indemnity. I disagree, however, with the majority that summary judgment was proper on Marick's negligence cross-claim. I believe *Addy v. Bolton*[3] and its progeny support Marick's theory of recovery of attorney's fees and costs as "special damages" under a negligence action. Therefore, I would reverse the trial court's grant of summary judgment on the negligence cross-claim and remand for further proceedings.

In *Addy*, Thomason contracted to make repairs for a retail building owned by the Boltons and leased to the Addys. 257

---

3. 257 S.C. 28, 183 S.E.2d 708 (1971).

S.C. at 31, 183 S.E.2d at 708. During the repairs, Thomason set fire to the building damaging the Addys' goods. *Id.* The Addys sued the Boltons and Thomason, alleging the Boltons were negligent in engaging unskillful agents to make the repairs. *Id.* Thus, the Boltons were sued for their own negligence, not vicariously for the negligence of another party. The Boltons cross-claimed against Thomason for indemnity from any judgment that might be recovered plus attorney's fees incurred in defending the action. *Id.* at 31, 183 S.E.2d at 709. At trial, the jury returned a verdict against Thomason only, and the Boltons were exonerated from all liability. *Id.* at 32, 183 S.E.2d at 709. The trial court, however, refused to award indemnity and granted a directed verdict against the Boltons on their cross-claim. *Id.* The Boltons appealed and our supreme court reversed, basing its decisions on two alternative holdings. *See id.* at 33, 183 S.E.2d at 709 ("The weight of authority sustains [the Boltons'] right of recovery, *either* on the theory of an implied contract to indemnify, *or* because they were put to the necessity of defending themselves against [the Addys'] claim by the tortious conduct of [Thomason], or by his breach of contract." (emphasis added)). First, it found the Boltons could recover attorney's fees incurred in the action because they were forced to defend themselves against the Addys' claim by the tortious conduct of Thomason. *Id.* Specifically, the court held,

> [W]here the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorney['s] fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages. In order to recover attorney['s] fees under this principle, the plaintiff must show: (1) that the plaintiff had become involved in a legal dispute either because of a breach of contract by the defendant or because of [the] defendant's tortious conduct; (2) that the dispute was with a third party—not with the defendant; and (3) that the plaintiff incurred attorney['s] fees connected with that dispute. If the attorney['s] fees were incurred as a result of a breach of contract between plaintiff and defendant, the defendant will be deemed to have contemplated that his

breach might cause plaintiff to seek legal services in his dispute with the third party.

*Id.* at 33, 183 S.E.2d at 709–10 (internal quotation marks omitted); see also Restatement (Second) of Torts § 914 (1979) ("One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.").

Alternatively, the *Addy* court found that, on the facts of the case, the Boltons could also recover expenses incurred in the litigation under the theory of equitable indemnity. 257 S.C. at 33–34, 183 S.E.2d at 710; *see also Town of Winnsboro v. Wiedeman–Singleton, Inc.,* 303 S.C. 52, 59, 398 S.E.2d 500, 504 (Ct.App.1990), *aff'd by* 307 S.C. 128, 414 S.E.2d 118 (1992). Because the jury exonerated the Boltons of any fault for the Addys' injuries, equity required Thomason, the at-fault party, to indemnify them as a matter of law. *Addy,* 257 S.C. at 34, 183 S.E.2d at 710.

In the present case, the trial court granted summary judgment on Marick's negligence cross-claim against Clear View, finding it was merely a disguised claim for equitable indemnification. I believe the trial court erred because *Addy* specifically allows the recovery of attorney's fees and costs "*at law in the form of special damages, or* in equity in the form of equitable indemnity." *Griffin v. Van Norman,* 302 S.C. 520, 523, 397 S.E.2d 378, 380 (Ct.App.1990) (stating that in *Addy,* the supreme court "held that recovery may be had *at law in the form of special damages, or* in equity in the form of equitable indemnity" (emphasis added)). Here, as in *Addy,* "the wrongful act of [Clear View] has involved [Marick] in litigation with [Stoneledge]" such that it has made it necessary for Marick "to incur expense to protect [its] interest." Specifically, Stoneledge sued Marick and Clear View based on allegations that Clear View's stone work was deficient, which Clear View has admitted. As a result of the underlying action, Marick has incurred expenses, including attorney's fees, in an attempt to protect itself from liability to Stoneledge. Thus, *Addy* supports Marick's attempt to recover attorney's fees and costs as "special damages" arising from Clear View's tortious conduct.

Admittedly, the cases Marick cites in its brief do not involve the recovery of "special damages" under an independent cause of action for negligence. For example, in *Town of Winnsboro*, Turner–Murphy, the party awarded attorney's fees, argued on appeal "that it [wa]s entitled to recover its attorney's fees as an element of special damage arising directly from Specialty's breach of contract *or, alternatively,* under the principle of equitable indemnity." 303 S.C. at 55, 398 S.E.2d at 502 (emphasis added). This court agreed, finding *Addy* "clearly supports the position of Turner–Murphy" and "hold[ing] that the judgment of the circuit court may be affirmed *both* on the theory of special damages *and* on the theory of equitable indemnity." ((emphasis added)). *Id.* at 59, 398 S.E.2d at 504. Thus, although *Town of Winnsboro* involved the recovery of attorney's fees and costs as "special damages" arising from a breach of contract, it stands for the proposition that a party can recover these damages *at law* independent of a claim for equitable indemnity.

I see no reason to allow recovery of attorney's fees and costs as "special damages" in a breach of contract action, yet deny it under a negligence cause of action. The plain language of *Addy* makes clear that attorney's fees and costs incurred by Marick in defending itself against Stoneledge's claim "should be treated as the *legal consequences* of the original wrongful act and may be recovered as *damages.*" Notably, nothing in *Addy* or any other controlling authority [4] precludes Marick from recovering these damages under a negligence theory. *Addy* did not limit the recovery of these damages to breach of contract actions alone. 257 S.C. at 33,

---

4. In finding Marick's negligence cross-claim was merely a disguised claim for equitable indemnification, the circuit court and the majority rely on two federal district court cases—*South Carolina National Bank v. Stone*, 749 F.Supp. 1419 (D.S.C.1990) and *United States Fidelity & Guaranty Co. v. Patriot's Point Development Authority*, 788 F.Supp. 880 (D.S.C.1992). I find these cases unpersuasive for several reasons. First, federal district court decisions are not binding on this court. *See Walden v. Harrelson Nissan, Inc.*, 399 S.C. 205, 209, 731 S.E.2d 324, 326 (Ct.App.2012). Next, I question the applicability of these cases because they involved federal securities law, which, unlike the present general contractor and subcontractor context, have policies that disfavor indemnification. *See Stone*, 749 F.Supp. at 1429; *Patriot's Point Dev. Auth.*, 788 F.Supp. at 882 n. 2. Most importantly, these decisions conflict with the holding in *Addy*—a decision of our supreme court that

183 S.E.2d at 709 (stating that to recover attorney's fees and costs under the theory of special damages, "the plaintiff must show ... that [he became] involved in a legal dispute *either* because of a breach of contract by the defendant *or because of [the] defendant's tortious conduct*" (emphasis added)); *see also id.* at 33, 183 S.E.2d at 710 (*"If* the attorney['s] fees were incurred as a result of a breach of contract between plaintiff and defendant, the defendant will be deemed to have contemplated that his breach might cause plaintiff to seek legal services in his dispute with the third party." (emphasis added)). Although the concept of "special damages" generally arises in breach of contract actions, these damages can also arise in tort. *See* 11 S.C. Jur. *Damages* § 4 (1992) (*"In a tort action,* special damages must be the direct consequence of the illegal act done, and flowing from it. . . ." (emphasis added) (internal quotation marks omitted)).

Based on the foregoing, I would reverse the circuit court's grant of summary judgment on Marick's negligence cross-claim.

<hr>

we must follow. *See Town of Winnsboro,* 303 S.C. at 60–61, 398 S.E.2d at 505 ("Of course, the rule in *Addy,* as a decision of the [s]upreme [c]ourt, must prevail.").