**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nancy Morris, as Personal Representative of the Estate of David Allan Woods, Plaintiff,

v.

State of Fiscal Accountability Authority, South Carolina Insurance Reserve Fund, Andrew J. Bland, Richard T. Burkholder, Leemon E. Carner, Pricilla Bland, Jerry Speissegger Jr., Defendants,

Of Whom Nancy Morris, as Assignee of Andrew J. Bland, PFC; Leemon E. Carner, PFC; Jerry Speissegger, Jr., PFC; Priscilla Garrett, SGT; and Richard T. Burkholder, SGT; is the Appellant,

And

South Carolina Insurance Reserve Fund is the Respondent.

Appellate Case No. 2021-000502

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2024-UP-288
Submitted December 1, 2023 – Filed July 31, 2024

**AFFIRMED**

Garrett Brendan Johnson, of Elrod Pope Law Firm, of
Rock Hill, for Appellant.

Andrew F. Lindemann, of Lindemann Law Firm, P.A., of
Columbia, for Respondent.

**PER CURIAM:**  In this declaratory judgment action, Nancy Morris, as personal representative of the estate of David Allan Woods, appeals the circuit court's order granting South Carolina Insurance Reserve Fund's (the IRF's) motion for summary judgment.  Morris argues the circuit court erred by finding (1) her action for bad faith was barred by the statute of limitations, (2) the assignments rendered this matter not justiciable, (3) there was no breach of any contractual duties, and (4) there was no evidence to support a *Tyger River*[1] claim for bad faith refusal to settle.  We affirm.[2]

**Facts**

Woods died in November 2010 while in custody at Berkeley County's Hill-Finklea Detention Center after detention center employees failed to provide him with medical attention.  Morris brought a survival and wrongful death action pursuant to 42 U.S.C. § 1983 (the underlying case) against several defendants, including correctional officers Andrew Bland, Leemon E. Carner, Jerry Speissegger Jr., Richard T. Burkholder, and Priscilla Garrett Bland (collectively, the Assignors) in their individual and official capacities.  The case was removed to the United States District Court for the District of South Carolina, and a jury trial proceeded against the Assignors.  On October 17, 2014, a jury returned a verdict against the Assignors and awarded $500,000 in actual damages and $2,450,000 in punitive damages.  The district court granted the Assignors' request for setoff, reducing the actual damages award to $171,875, and awarded Morris attorney's fees and costs of $386,743.62.  The Assignors appealed, and the United States Court of Appeals for the Fourth Circuit upheld the verdicts.  *Morris v. Bland*, 666 F. Appx. 233 (4th Cir.

---

[1] *Tyger River Pine Co. v. Md. Cas. Co.*, 170 S.C. 286, 170 S.E. 346 (1933) (holding an insurer could be held liable for unreasonable refusal to settle a claim within policy limits).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

2016). The parties stipulated Morris's attorney's fees for the appeal totaled $25,768.75.

At the time of Woods's death, Berkeley County maintained a policy of General Tort Liability Insurance issued by the IRF with policy limits of $600,000 per occurrence. After the appeal, the IRF tendered the full policy limits of $600,000 to Morris in partial satisfaction of the judgments against the Assignors. In addition, Morris signed an agreement captioned "Partial Satisfaction of Judgment" reflecting the IRF's payment of the full policy limits and supplemental payments for attorney's fees, costs, and post-judgment interest. By the time the circuit court issued the order from which Morris appeals, the IRF had tendered $992,013.63.

About three years after the district court trial, Morris executed an "Assignment of Rights and Covenant Not to Execute" (the Assignments) with each of the Assignors. The Assignments assigned to Morris

> any and all claims he/she may have against the [IRF] and/or any other persons, firms, government organizations, or entities that arise out of [the underlying case,] . . . includ[ing] . . . claims arising out of the . . . bad-faith conduct, and/or breach of contract by the I[RF] . . . in relation to[] the handling of [the underlying case]; . . . for any claims the [Assignors] may have against the [IRF] that arise out of any insurance coverage applicable to the instant case; and the right to collect all actual and punitive damages, attorney's fees, or costs that may arise from those claims.

In consideration of the Assignments, Morris "covenant[ed] not to execute against any assets of the [Assignors]," "not to institute any further claims, lawsuits, bankruptcy proceedings, or other causes of action against the [Assignors] to enforce or collect on the [district court] judgment."

Prior to filing the current action, Morris filed a declaratory judgment in South Carolina state court against the Assignors, the IRF, and the State Fiscal Accountability Authority (SFAA) (collectively, the Defendants) to recover the outstanding punitive damages award under the General Tort Liability Insurance policy issued by the IRF. The circuit court granted the Defendants' motion for summary judgment and denied Morris's request for declaratory relief. The circuit court concluded the Assignments rendered the action non-justiciable because they

relieved the Defendants of any further personal liability and therefore any duty of the insurers to indemnify was extinguished, relieving the IRF and SFAA of any further liability. Morris appealed, and this court affirmed the circuit court's conclusion that the Assignments rendered Morris's claims moot. *See Morris v. State Fiscal Accountability Auth.*, Op. No. 2023-UP-201 (S.C. Ct. App. filed Oct. 18, 2023) (per curium), *petition for cert. filed*, Feb. 1, 2024.

Morris brought the current action as the Assignors' assignee on November 6, 2017, alleging causes of action for breach of contract, negligence, and bad faith against the IRF for its handling of the underlying case. The IRF moved for summary judgment on April 5, 2019, arguing (1) the applicable statutes of limitations barred Morris's claims; (2) Morris relieved the Assignors of their personal liability to pay the judgments against them by executing the Assignments, and therefore relieved the IRF of any further liability to pay such judgments; (3) the policy lacked any specific contract provisions that imposed the contractual duties Morris alleged in her complaint; and (4) no evidence supported Morris's claim for bad faith because she never made a demand to settle the underlying case within the policy limits of $600,000, and she rejected a settlement offer of $600,000 prior to trial.

The circuit court ruled in favor of the IRF. It concluded Morris's claims accrued no later than the end of the district court trial and the applicable statutes of limitations thus barred her claims. The circuit court next held that by signing the covenants not to execute as to each of the Assignors, Morris agreed to extinguish their personal liability to pay any of the remaining debt, thereby relieving the IRF, as the liability insurer, of any liability to pay under the Tort Liability Policy. The circuit court next found Morris failed to identify any contract language in the Tort Liability Insurance Policy that created the contractual duties that she alleged in her amended complaint and therefore her breach of contract claim failed as a matter of law. Finally, the circuit court concluded the IRF was entitled to summary judgment as to Morris's *Tyger River* bad faith failure-to-settle claim. It reasoned that the IRF made a settlement offer for the full policy limits of $600,000 two months before the district court trial commenced and Morris rejected the offer. The circuit court further held Morris provided no evidence the IRF acted in bad faith because the lowest demand she made in the underlying case was for $1 million, which exceeded the policy limits. The circuit court additionally found there was no evidence the Assignors ever demanded or requested the IRF pay the policy limits in settlement of the claims against them. Morris filed a motion to reconsider pursuant to Rule 59(e), SCRCP, which the circuit court denied. This appeal followed.

**Standard of Review**

When reviewing a grant of summary judgment, this court applies the same standard as the circuit court pursuant to Rule 56(c) of the South Carolina Rules of Civil Procedure. *Wright v. PRG Real Est. Mgmt., Inc.*, 426 S.C. 202, 211, 826 S.E.2d 285, 290 (2019). Rule 56(c) provides the circuit court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "When the circuit court grants summary judgment on a question of law, we review the ruling de novo." *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Clear View Constr., LLC*, 413 S.C. 615, 620, 776 S.E.2d 426, 429 (Ct. App. 2015).

## I. Breach of Contractual Duties

Morris argues the Tort Liability Policy required the IRF to "pay on behalf of the insured all sums [that] the insured shall become legally obligated to pay as damages because of personal injury." She contends that whether the IRF's failure to settle the underlying action for the full policy limits violated this provision created a question of fact. We disagree.

We hold the circuit court did not err by concluding the IRF was entitled to judgment as a matter of law as to Morris's breach of contract claims. *See Maro v. Lewis*, 389 S.C. 216, 222, 697 S.E.2d 684, 688 (Ct. App. 2010) (holding the plaintiff in a breach of contract action has "the burden . . . [of] prov[ing] the contract, its breach, and the damages caused by such breach" (quoting *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962))); *see also Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct. App. 2004) ("[T]he party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine issue of material fact." (quoting *Baughman v. Am. Tel. & Tel. Co.,* 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991))); *id.* ("Once the moving party carries its initial burden [of demonstrating the absence of a genuine issue of material fact], the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial."). Here, Morris alleged the IRF breached the Tort Liability Policy by "not settling [her] claim for an amount up to and including the full policy limits" and "not accepting her reasonable settlement offer within policy limits." Even assuming the contract contained such an obligation, it is undisputed that the IRF tendered its policy limits of $600,000 in partial satisfaction of the judgment against the Assignors. It is

further undisputed that the IRF offered to settle up to its policy limits of $600,000 two months prior to trial and Morris rejected the offer.  Further, in a letter dated September 2013 that she attached as an exhibit to her complaint, Morris indicated she was withdrawing a previous demand of $1 million that she made of Berkeley County and the IRF due to their failure to pay this demand and she instead stated she would accept $3 million to settle her claims.  Based on the foregoing and viewing the evidence in the light most favorable to Morris, we conclude Morris failed to demonstrate a genuine issue of material fact existed as to her breach of contract claims because the evidence conclusively shows the IRF did not fail to settle her claims within policy limits.  *See Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.").

## II. *Tyger River* Bad Faith Claim

Morris argues the IRF acted unreasonably and in bad faith in processing her claim under its insurance contract by offering less than its policy limits to settle the case on two occasions prior to trial.  She additionally argues summary judgment was inappropriate because she was denied the opportunity to conduct meaningful discovery and if she had been able to do so, discovery would have likely shown the case would have been resolved in the summer of 2013 had the IRF tendered its policy limits at that point.  We disagree.

Viewing the evidence in the light most favorable to Morris, we hold no genuine issue as to any material fact exists as to her claim for bad faith refusal to settle because the evidence conclusively shows the IRF offered its policy limits prior to trial and Morris rejected the offer.  *See Am. Fire & Cas. Co. v. Johnson*, 332 S.C. 307, 311, 504 S.E.2d 356, 358 (Ct. App. 1998) ("Bad faith is a knowing failure on the part of the insurer to exercise an honest and informed judgment in processing a claim."); *id.* ("[A]n insurer acts in bad faith where there is no reasonable basis to support the insurer's decision."); *Trotter v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 465, 475, 377 S.E.2d 343, 349 (Ct. App. 1988) ("[A] liability insurer owes its insured a duty to settle a personal injury claim covered by the policy, if settlement is the reasonable thing to do.  If an insurer undertaking the defense of a suit covered by the policy unreasonably refuses or fails to settle *within the policy limits*, it is liable to the insured for the amount of the judgment against him in excess of the policy limits." (citation omitted) (emphasis added)); *Doe v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 347 S.C. 642, 649, 557 S.E.2d 670,

674 (2001) ("An insurer who unreasonably refuses or fails to settle a covered claim within the policy limits is liable to the insured for the entire amount of the judgment obtained against the insured regardless of the limits contained in the policy."); *Crossley v. State Farm Mut. Auto. Ins. Co.*, 307 S.C. 354, 359, 415 S.E.2d 393, 396-97 (1992) ("The elements of a cause of action for bad faith refusal to pay first[-]party benefits under a contract of insurance are: (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured."); *Charleston Cnty. Sch. Dist. v. State Budget & Control Bd.*, 313 S.C. 1, 8, 437 S.E.2d 6, 10 (1993) ("As we noted in *Nichols*[ *v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983),] the first-party cause of action is in reality merely a different aspect of the duty first identified by this Court in *Tyger River*. . . . The application of the *Tyger River* Doctrine to an insurer's handling of a claim for first-party benefits was a natural extension of the policy behind the doctrine."). It is undisputed the IRF tendered its policy limits of $600,000 in partial satisfaction of the district court judgment against the Assignors. It is further undisputed the IRF offered to settle for its policy limits of $600,000 two months prior to trial and Morris rejected the offer. Thus, the evidence conclusively shows the IRF offered its policy limits to settle Morris's claims prior to trial, and Morris rejected the offer. No authority we have identified requires an insurer to offer to settle a claim in *excess* of policy limits prior to trial. *See, e.g.*, *Trotter*, 297 S.C. at 475, 377 S.E.2d at 349 ("If an insurer undertaking the defense of a suit covered by the policy unreasonably refuses or fails to settle *within the policy limits*, it is liable to the insured for the amount of the judgment against him in excess of the policy limits." (emphasis added)). Further, we reject Morris's argument that further discovery would have likely shown the parties could have settled the case sooner. *See Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case[] and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact."). Based on the foregoing, we hold there is no genuine issue as to any material fact and the IRF was entitled to summary judgment as a matter of law as to Morris's claim for bad faith refusal to settle.[3]

---

[3] Because our disposition of the foregoing issues is dispositive of Morris's remaining issues on appeal, we decline to address these issues. *See Futch v.*

**Conclusion**

For the foregoing reasons, the circuit court's order granting summary judgment in favor of the IRF is

**AFFIRMED.**

**GEATHERS and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**

---

*McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an "appellate court need not address remaining issues when [the] disposition of [a] prior issue is dispositive").